UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS M. THOMAS,

    Petitioner,

v.                                                            Case No. 4:23cv462-MW-HTC

RICKY DIXON,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Travis M. Thomas filed a petition under 28 U.S.C. § 2254, seeking review of his conviction and sentence in Leon County circuit court case number 2011 CF 2415, ECF Doc. 1, and a motion to proceed *in forma pauperis*. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). The undersigned finds the petition should be DISMISSED without an evidentiary hearing as an unauthorized successive petition.

**I.    DISCUSSION**

In the petition, Petitioner is asked if he has filed a petition for certiorari with the United States Supreme Court. Petitioner responds he has and identifies *Thomas v. Sec'y Fla. Dep't of Corr.*, 4:17-cv-00044-RH-GRJ (N.D. Fla. July 17, 2018). That

Case 4:23-cv-00462-MW-HTC    Document 5    Filed 11/08/23    Page 2 of 5

Page 2 of 5

case was not a petition for certiorari but a federal habeas petition he filed with this Court. In that prior petition, Petitioner challenged the same Leon County conviction and judgment as he does in this petition. This Court denied the petition on the merits and with prejudice. ECF Doc. 52 in the 2017 case. Thus, the instant petition is successive.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), before filing a second or successive § 2254 petition in the district court, a prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Absent authorization from the Eleventh Circuit, a second petition is subject to dismissal as an improper or successive petition. Indeed, a district court lacks jurisdiction to consider a "second or successive" habeas corpus petition that was not previously authorized by an appellate court. *See Burton v. Stewart*, 549 U.S. 147, 152, 157 (2007) (holding that the district court lacked jurisdiction to entertain a second habeas petition because prisoner failed to obtain an order from the court of appeals authorizing him to file the petition); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002) (same).

Petitioner, however, does not allege he obtained the requisite permission from the Eleventh Circuit Court of Appeals prior to filing the instant § 2254 petition. To the contrary, the Court takes judicial notice that Petitioner has sought authorization

Case No. 4:23cv462-MW-HTC

from the Eleventh Circuit to file a successive petition, and the Eleventh Circuit has on three separate occasions[1] denied that authorization. *See In re Travis Thomas*, No. 20-11754-C (June 1, 2020); *In re Travis Thomas*, No. 22-13905-H, 4:17-cv-44-RH-GRJ (ECF Doc. 58) (Dec. 9, 2022); *In re Travis Thomas*, No. 23-12815, 4:17-cv-44-RH-GRJ (ECF Doc. 59) (Sept. 25, 2023). Petitioner's failure to obtain permission from the Eleventh Circuit prior to filing the instant petition operates as a jurisdictional bar that precludes this court's consideration of the merits of the petition. See 28 U.S.C. § 2244(b)(3)(A); *Fugate*, 310 F.3d at 1288.

## II. CONCLUSION

Because the amended petition is an unauthorized successive petition, the petition should be dismissed *sua sponte*. A court does not err by *sua sponte* dismissing a § 2254 petition as long as it gives petitioner notice of its decision and an opportunity to be heard in opposition. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019) (holding that the district court did not err by *sua sponte* dismissing plainly untimely § 2254 petition where the court provided the petitioner with "adequate notice and an opportunity to respond" (quotation marks omitted)). This Report and Recommendation provides Petitioner an opportunity to file objections and, thus, affords him both notice and a reasonable opportunity to

---

[1] On September 15, 2023, a motion for a status update was filed in Case No.: 23-12815-E, which the court treated as a fourth motion for leave to file a successive petition and dismissed without prejudice. (Assigned as new case no.: 23-13028).

Case No. 4:23cv462-MW-HTC

respond.  *Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998) (holding that plaintiff "was afforded both notice and a reasonable opportunity to oppose" procedural default when he was given an opportunity to object to the magistrate judge's Report and Recommendation that "placed [him] on notice that procedural default was a potentially dispositive issue")).

The undersigned also finds that an evidentiary hearing is not warranted.  In deciding whether to grant an evidentiary hearing, this Court must consider "whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."  *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).  Here, whether the petition is successive does not turn on any contested factual issue.  Therefore, an evidentiary hearing would not assist in determining whether Petitioner is entitled to relief and is not warranted.

Also, the court should not rule on a certificate of appealability ("COA") because a COA is unnecessary when dismissing a case as successive.  *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 n.3 (11th Cir. 2020) ("Although generally appeals from § 2254 proceedings require a certificate of appealability ('COA'), no COA is necessary to appeal the dismissal for lack of subject matter jurisdiction of a successive habeas petition because such orders are not 'a final order

in a habeas corpus proceeding.'") (citing *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004)).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition, ECF Doc. 1, be DISMISSED for lack of jurisdiction because the petition is an unauthorized successive petition.

2. That the clerk be directed to terminate all pending motions and close the file.

At Pensacola, Florida, this 8th day of November, 2023.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:23cv462-MW-HTC